UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SECURITY PLANS, INC., formerly known as
Creditor Services, Inc.,

                      Plaintiff,

                                              <u>DECISION AND ORDER</u>

                                              08-CV-6313L

                      v.

CUNA MUTUAL INSURANCE SOCIETY,

                      Defendant.
_____

**INTRODUCTION**

      This case arises out of a contract dispute between plaintiff Security Plans, Inc. ("SPI") and defendant CUNA Mutual Insurance Society ("CUNA"). For purposes of this Decision and Order, familiarity with the prior pleadings, factual background, and substantive decisions in this case is assumed.

      On November 16, 2012, the Court issued a decision and order (Dkt. #66) granting in part and denying in part defendant's motion for summary judgment. By letter, plaintiff's counsel subsequently advised the Court that given the Court's rulings as to certain claims, "the issue of experience rate refunds – i.e., the only remaining issue - is now moot." Plaintiff "therefore request[ed] that the Court amend its decision to dismiss the case in its entirety," adding that defense counsel had "no objection to this request." Dkt. #68 at 1, 2. Pursuant to that request, the Court dismissed all the remaining claims in the case, and entered judgment for defendant. (Dkt. #69, #70.)

      On plaintiff's appeal, the Second Circuit affirmed in part, vacated in part, and remanded the matter to this Court for further proceedings. Specifically, the Court of Appeals held that "the record presents a triable issue concerning the defendant's handling of the earnout calculation." 769 F.3d

807, 821 (2d Cir. 2014). In a footnote, the court noted that "[t]he plaintiff contested the legal basis for the experience refund deductions in the district court, but that argument is not a subject of this appeal." *Id.* at 814 n.4.

Following that remand, this Court received submissions from both sides, and heard oral argument, concerning the issues that remained to be decided by this Court on remand. On July 21, 2015, the Court issued an Order (Dkt. #86) addressing a particular issue raised by SPI, concerning plaintiff's "experience rate refund" claim. In its post-remand submission, SPI contended that this claim had somehow been resuscitated by the Second Circuit's decision. I concluded that the claim had been properly dismissed and was no longer in the case, based on plaintiff's own earlier request to dismiss that claim. (Dkt. #86 at 2.)

SPI has now filed a motion (Dkt. #88) asking the Court to "reconsider" its July 21 Order, and to permit SPI to present to the jury, at trial, that portion of its breach of contract claim concerning experience rate refunds. SPI contends that this Court erred "in construing the experience rate refund issue as a separate, standalone 'claim,' rather than a component of SPI's breach of contract claim that is inextricably intertwined with SPI's claim regarding the correctness" of the gross earnout figure as calculated by CUNA. Pl. Mem. of Law (Dkt. #88-1) at 5. In other words, SPI contends that the issue concerning experience rate refunds is simply a component of the earnout claim that was remanded by the Second Circuit.

CUNA has filed a brief in opposition to SPI's motion. After considering both sides' submissions, the Court denies SPI's motion.

## DISCUSSION

While the Federal Rules of Civil Procedure do not expressly provide for a motion to "reconsider" a prior order, *see Nelson v. American Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012), that term is often used to encompass motions brought for relief from a prior judgment.

Plaintiff here relies on Rule 54(b), which provides in part that "any order ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," and on Rule 60(b), which provides that a court may relieve a party from a final judgment on any one of several grounds, including "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief."

As decisions by this and other courts have made clear, such motions are, in general, not looked upon favorably. All too often, they represent little more than an attempt to reargue issues on which the movant failed to persuade the court the first time around. *See Wann v. Holder*, 539 Fed.Appx. 587, 587 (5th Cir. 2013); *Crespo v. County of Monroe*, No. 10-CV-6590, 2015 WL 4761638, at *1 (W.D.N.Y. Aug. 12, 2015); *Katt v. Riepe*, No. CV-14-8042, 2015 WL 4603231, at *1 (D.Ariz. July 31, 2015); *Hazelquist v. Klewin*, No. 14-CV-007 (E.D. Wash. July 23, 2015). For that reason, motions for reconsideration are typically not granted unless the moving party can point to a change in the law, or controlling law or evidence that the court overlooked in reaching its original decision. *Cioce v. County of Westchester*, 128 Fed.Appx. 181, 185 (2d Cir. 2005). Thus, while a motion for so-called reconsideration may be appropriate where necessary to correct for "clear error" or to "prevent manifest injustice," *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004), it should not be employed merely as a means to reargue that which was previously decided. *See Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir.1995); *accord Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013).

In the case at bar, I find no grounds to alter my prior decision. As I stated in my July 21 order, when SPI requested dismissal of the experience-rate-refund claim, it placed no conditions on that request, and the dismissal itself was not conditional. As the Second Circuit recognized, SPI essentially abandoned "the legal basis for the experience refund deductions" on appeal, 769 F.3d at 814 n.4, and that claim was not resuscitated by the Court of Appeals' decision. SPI may rue its decision to take that claim out of the case, but it chose to do so, and despite its current semantic

arguments over whether this presents a "claim" or simply a component of its claimed damages, it must now live with that decision. *Cf. Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (plaintiff could not use Rule 60(b)(6) to avoid the consequences of its decision to voluntarily dismiss its claim, and to reactivate its claim).

When SPI requested that dismissal, it implicitly asked that the experience-rate-refund claim be dismissed with prejudice. The purpose of SPI's request was to enable it to get an immediate appeal to the Second Circuit. That court has made clear that "immediate appeal is unavailable to a plaintiff who seeks review of an adverse decision on some of its claims by voluntarily dismissing the others *without prejudice*." *Rabbi Jacob Joseph School v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005). To hold otherwise "would violate the long-recognized federal policy against piecemeal appeals." *Id.* (internal quotation marks omitted). In other words, by agreeing to dismiss its claim concerning experience rate refunds, SPI did not simply set that claim aside for another day; it abandoned the claim. That was the price SPI paid for obtaining what would otherwise have been an impermissible interlocutory appeal of this Court's decision concerning SPI's other claims.

Beyond that, the Federal Rules simply provide no ground for relief here. Rule 54(b) provides that a decision "that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The order that is the subject of SPI's motion to reconsider, *i.e.*, the order that was issued following the Second Circuit's remand, does not fall into that category. All that order did was to clarify that the experience-rate-refund claim was no longer in the case, and to deny plaintiff's request for a hearing on that issue. *See* Dkt. #86 at 2. On its face, Rule 54(b) has no application here.

SPI also cites Rule 60(b)(6). That rule, however, "is properly invoked only when 'extraordinary circumstances' justify relief or 'when the judgment may work an extreme and undue hardship.'" *Empresa Cubana Del Tabaco v. General Cigar Co. Inc.*, 385 Fed.Appx. 29, 31 (2d Cir. 2010) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)). *See also In re Favre*, 342

Fed.Appx. 5, 9 (5th Cir. 2009) ("Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly") (internal quotes omitted).  I find no such circumstances here.  Accordingly, plaintiff's motion is denied.

## CONCLUSION

Plaintiff's motion for reconsideration of this Court's July 21, 2015 Order (Dkt. #88) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 7, 2015.