UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SECURITY PLANS, INC.,
formerly known as Creditor Services, Inc.,

                                         Plaintiff,

                                                                       AMENDED
                                                                DECISION AND ORDER

                                                                      08-CV-6313L

                          v.

CUNA Mutual Insurance Society,

                                         Defendant.
_____

       This case arises from a contract dispute between plaintiff Security Plans, Inc. ("SPI") and defendant CUNA Mutual Insurance Society ("CUNA"). Familiarity with the underlying facts and procedural history of this case, including the Second Circuit's October 17, 2013 partial remand of this Court's prior grant of partial summary judgment (Dkt. #66), is presumed.

       On December 16, 2014, CUNA filed a motion in limine (Dkt. #78) seeking an order: (1) limiting the theories of damages that SPI could present at trial; and (2) precluding the damages calculations offered by SPI's financial expert, Christopher H. Hause. CUNA argues that SPI should be barred from presenting damages theories that were effectively rejected by the Second Circuit in its October 17, 2013 decision, and/or that are otherwise not logically connected with plaintiff's sole remaining claim for breach of the covenant of good faith and fair dealing (relative to CUNA's allegedly arbitrary and inaccurate earnout calculations, caused by excessive claim reserves which skewed performance data).

SPI opposes the motion, arguing that the Second Circuit's decision makes no holding relative to the manner in which the earnout calculation should have been performed, and therefore does not limit the way in which SPI can attempt to provide its damages to a jury. SPI also pledges that it will only offer two of Mr. Hause's damages calculations to the jury, and argues that both are supported by both direct and circumstantial evidence in the record.

It is well settled that expert testimony "should be excluded if it is speculative or conjectural . . . or if it is based on assumptions that are 'so unrealistic and contradictory as to suggest bad faith' or to be in essence an 'apples and oranges comparison.'" *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996) (quoting *Shatkin v. McDonnell Douglas Corp.*, 727 F.2d 202, 208 (2d Cir. 1984) (internal citations omitted)). However, "[d]isputes as to the strength of an expert's credentials, faults in his use of . . . a methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility of his testimony." *Fuller v. Summit Treestands, LLC*, 2009 U.S. Dist. LEXIS 60610 at *15 (W.D.N.Y. 2009). *See also Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1188 (2d Cir. 1992) (contentions that an expert's assumptions are unfounded go to the weight, not the admissibility, of his testimony). As such, the analysis and weighing of the basis for an expert's opinion is precisely the kind of matter[] that should be left for the jury to consider in assessing the weight to be given to [the expert's] testimony." *Fuller*, 2009 U.S. Dist. LEXIS 60610 at *5 (quoting *Colombo v. CMI Corp.*, 26 F. Supp. 2d 574, 576 (W.D.N.Y. 1998)).

I find that CUNA's objections to SPI's proffered damages calculations and expert testimony pertain to the underlying assumptions and methodology used, and therefore affect its weight, and not its admissibility. Initially, although the Second Circuit found that there was a

triable issue of fact concerning the alleged arbitrary and irrational handling of the earnout calculation by CUNA, it made no findings concerning precisely how the calculation *should* have been handled, and as such, the parties' ability to present divergent damages theories to the jury remains unfettered. The parties may vigorously dispute the manner in which the evidence of record should be interpreted. However, it cannot be said that the damages calculations and expert testimony proffered by SPI – which, for example, propose use of credit disability loss ratios that are allegedly more accurate than those advocated by CUNA, because they don't incorporate allegedly-flawed SPI data – are so speculative or unrealistic as to merit exclusion. The manner and extent to which CUNA allegedly miscalculated SPI's credit disability loss ratios for the relevant period, and the extent to which these alleged errors were known by CUNA to have affected its earnout calculations, are highly-disputed questions of fact in every respect.

Furthermore, although CUNA argues that SPI's claim, even if successful, could not generate a positive damages award, that argument depends upon CUNA's interpretation of the evidence and proposed means of calculating potential damages. Again, these are factual questions that are appropriately reserved for the jury.

For the foregoing reasons, CUNA's motion in limine to exclude SPI's presentation of certain damages evidence and expert testimony at trial (Dkt. #78) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 18, 2016.